UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARY COLE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:15-CV-00098-ACL |
| ) | |
| SAINT FRANCIS MEDICAL CENTER ) | |
| ) | |
| Defendant ) | |

**DEFENDANT SAINT FRANCIS MEDICAL CENTER'S**
**<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

COMES NOW Defendant Saint Francis Medical Center ("Defendant" or "SFMC"), by and through the undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for its Motion for Partial Summary Judgment as to Counts I, II, III, IV, and VI of Plaintiff's Complaint states as follows:

1. Plaintiff Mary Cole filed her Complaint against Defendant on July 7, 2015.

2. Plaintiff, who is deaf, alleges that during her hospitalization on May 30-31, 2013, she was discriminated and retaliated against by Defendant in violation of the Missouri Human Rights Act ("MHRA"), Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act.

3. Defendant is entitled to summary judgment in its favor as to Counts I-II of Plaintiff's Complaint because it is entitled to religious exemption provided for by the MHRA.

4. The MHRA provides that it does not apply to "…a private club, <u>a place of accommodation owned by or operated on behalf of a religious corporation, association or society</u>, or other establishment which is not in fact open to the public, unless the facilities of such

establishments are made available to the customers or patrons of a place of public accommodation as defined in section 213.010 and this section." §213.065 RSMo. (emphasis added).

5. SFMC's Bylaws provide that it is sponsored by the Saint Francis Healthcare System, which is under the jurisdiction of the Roman Catholic Diocese of Springfield – Cape Girardeau.

6. SFMC's Articles of Incorporation provide that it is to be operated as a Catholic Hospital. The Articles of Incorporation further provide that all proposed members of the Board of Directors must be submitted to and approved by the acting Bishop or Administrator of the Diocese of Springfield/Cape Girardeau or its successor diocese. The Articles of Incorporation further provide that they may be amended, but only upon the approval of the ting Bishop or Administrator of the Diocese of Springfield/Cape Girardeau.

7. Defendant is exempt from liability under the MHRA's religious exemption, and summary judgment as to Counts I and II of Plaintiff's Complaint should be entered in its favor.

8. The ADA similarly provides a broad exemption for "any religious entity," and any entity "controlled by religious organizations." See 28 C.F.R. §36.102(E), and see 42 U.S.C. §12187. Thus, Defendant is also entitled to summary judgment in its favor as to Counts III and IV of Plaintiff's Complaint, which allege violations of Title III of the ADA for which Defendant is exempt.

9. Even assuming, *arguendo*, that the Court permits Plaintiff to proceed with her allegations under the MHRA and ADA, she has not and cannot adduce facts to establish the necessary elements of her retaliation claims under the MHRA, ADA or Section 504 of the Rehabilitation Act as asserted in Counts II, IV and VI of her Complaint.

10. Further, if the Court permits Plaintiff to proceed with her allegations under the MHRA, Plaintiff has not and cannot adduce facts to support her claim for punitive damages. There is no evidence, nor could there be, that Defendant's alleged conduct would "shock the conscience and cause outrage." Browning v. President Riverboat Casino-Missouri, Inc., 139 F.3d 631, 637 (8th Cir. 1998). Defendant is entitled to summary judgment as to any claim made by Plaintiff that she should be awarded punitive damages.

11. If the Court permits Plaintiff to proceed with her allegations under the ADA despite the religious entity exemption, the relief Plaintiff seeks is not permitted by law. Specifically, Plaintiff seeks monetary damages which are explicitly disallowed under Title III of the ADA. See, e.g., Stebbins v. Legal Aid of Arkansas, 512 Fed. Appx. 662, 663 (8th Cir. 2013) (explaining that Title III of the ADA does not provide for private actions seeking damages – unless enforced by Attorney General, the only remedy for violation of Title III of ADA is injunctive relief)(internal citations omitted).

12. In Count III of her Complaint, which alleges violations of Title III of the ADA, Plaintiff also seeks a mandatory injunction that would give this Court jurisdiction over not only every interaction Plaintiff has with Defendant in the future, but also every interaction with any deaf or hard of hearing person, for all time. This relief clearly is not contemplated by the law, and Defendant is entitled to summary judgment in its favor.

13. In support of its Motion for Partial Summary Judgment, Defendant files its Statement of Uncontroverted Material Facts and Memorandum of Law in Support of this Motion, both of which are incorporated fully by reference herein.

WHEREFORE, for the above stated reasons as well as those set forth in Defendant's Statement of Uncontroverted Material Facts and Memorandum of Law in Support of Defendant's Motion of Partial Summary Judgment, Defendant respectfully requests this Court grant its Motion for Partial Summary Judgment entering judgment in favor of Defendant Saint Francis Medical Center on Counts I, II, III, IV, and VI of Plaintiff's Complaint, and for such other and further relief as this Court deems just and proper.

/s/ James C. Hetlage
James C. Hetlage                #MO38520
Rebecca M. Christensen          #MO62798
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
jhetlage@lashlybaer.com
rchristensen@lashlybaer.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by the Court's electronic filing system this 7th day of October, 2016.

/s/ James C. Hetlage